Submitted April 29, conviction for harassment reversed; remanded for resentencing; otherwise affirmed June 23, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUANNA NEWSTRAND,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI070508; A138422

234 P3d 151

Peter Gartlan, Chief Defender, and Brandon G. Williams, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count of harassment, ORS 166.065 (2005),[1] and one count of recklessly endangering another person, ORS 163.195, raising two assignments of error concerning the trial court's denial of her motions for judgment of acquittal (MJOA) as to each count. A discussion of the facts would not benefit the bench, the bar, or the public.

In her first assignment of error on appeal, defendant contends that, with regard to the count of harassment, the trial court erred in denying her MJOA because the state failed to prove defendant's intent. The state concedes that the trial court erred in denying that motion, because "the evidence in this case is insufficient for a rational trier of fact to find beyond a reasonable doubt that by trying to take [her child] away from [her former husband], defendant acted with the intent to harass or annoy the child." Based on our review of the record, we agree and accept the state's concession.

In her second assignment of error, defendant contends that, with regard to the count of recklessly endangering another person, the trial court erred in denying her MJOA because "[t]he evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that defendant caused a substantial risk of serious physical injury to her daughter." We reject that assignment without discussion.

Conviction for harassment reversed; remanded for resentencing; otherwise affirmed.

---

[1] ORS 166.065 was amended in 2009. Or Laws 2009, ch 783, § 1. Those amendments do not apply in this case. Or Laws 2009, ch 783, § 16(1). For that reason, we apply the 2005 version of the statute, which was in effect when defendant engaged in the conduct at issue in this case.